O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA REAL ESTATE EQUITIES, INC., ) ) | Case No. CV 09-01349 DDP (PJWx) |
| ) Plaintiff, ) ) | **ORDER GRANTING THE MOTION TO CONFIRM ARBITRATION AWARD** |
| v. ) ) NANCY J. KELLEY, ) ) Defendants. ) | [Motion filed on February 25, 2009] |

**I.    BACKGROUND**

Respondent Nancy Kelley ("Kelley") is a former employee of Petitioner Alexandria Real Estate Equities, Inc. ("Alexandria"). (Brenner Decl. ¶ 5.)  Kelley ceased working with Alexandria on October 3, 2006, and claimed entitlement to severance benefits under her employment agreement.  (Id. ¶ 5.)  In response, Alexandria filed a demand for arbitration against Kelley, seeking a declaratory judgment, and Kelley counterclaimed.  (Id. ¶ 6.)

On December 18, 2008, the Arbitrator rendered a final Statement of Decision and Final Award (the "Arbitration Decision") in favor of Alexandria.  Alexandria now moves to confirm the Arbitration Decision.

**II.  LEGAL STANDARD**

In deciding whether to confirm an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., the scope of the court's review is "extremely limited." G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003); Schoenduve Corp. v. Lucent Techs., Inc., 442 F.3d 727, 735 (9th Cir. 2006).  The district court is required to confirm arbitration awards "even in the face of [the arbitrator's] erroneous misinterpretation of the law." Id.  An arbitrator's decision must be upheld unless it is completely irrational, constitutes a manifest disregard of the law, or otherwise violates 9 U.S.C. § 10.[1]  Id.

Alternatively, corrections or modifications to an arbitration award may be made where:

> 1) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> 2) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> 3) Where the award is imperfect in matter of form not affecting the merits of the controversy.

---

[1] Section 10 permits the court to vacate an arbitration award where:

> 1) the award was procured by corruption, fraud, or undue means;
> 2) there was evident partiality or corruption in the arbitrators, or either of them;
> 3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> 4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

2

9 U.S.C. § 11.  Additionally, the court may modify or correct an award, in order to "effect the intent [of the award] and promote justice between the parties."  Id.

## III. DISCUSSION

The Court has reviewed the parties' briefing, proposed judgments, and the final arbitration award they submitted.  Neither party argues that the Arbitration Decision constitutes a manifest disregard of the law or is otherwise invalid, and accordingly this Court confirms the Decision.

However, in their proposed judgments, both parties ask this Court to go beyond merely confirming the arbitration award and to slightly alter the terms of the award.  The parties' briefing attempts to justify the proposed order each has submitted.

As an initial matter, the parties agree on the following modifications to this Court's confirmation of the Arbitration Decision:  (1) that this Court's order should not include the Arbitration Decision as an exhibit to the decision; and (2) to adopt Kelley's proposed judgment language regarding entry of judgment and costs.  (See Reply 3.)

Kelley first[2] argues that Alexandria's proposed judgment order contains prejudicial material, because it attaches a personnel agreement she signed with Alexandria that was a subject of the arbitration - the Employee Proprietary Information and Inventions Agreement ("PIIA").  (See Brenner Decl. Ex. B. ("PIIA") ¶ 1.2.)

---

[2] Kelley also argues that this Court should refrain from any decision until it has determined whether to seal the Arbitration Decision filed by Defendant as an attachment to the instant motion. As the Court has ordored this document sealed in a separate order, this issue is moot.

3

Kelley argues the PIIA is part of her confidential employment file and should not be attached. Alexandria, for its part, argues that the PIIA must be attached to this Court's Order because it is necessary to understand the Arbitration Decision. The Arbitration Decision prohibits Kelley from disclosing or using Alexandria's "confidential" or "proprietary" information, but does not define these terms. (Brenner Decl. Ex. C ("Arbitration Decision") ¶ I.B.2.). Both terms are extensively explained in the PIIA. (PIIA ¶ 1.2.) Instead, the arbitrator merely ordered Kelley not to "use or disclose any of Alexandria's confidential or proprietary information." (Arbitration Decision ¶ I.B.2.)

Alexandria fails to explain exactly why the arbitrator's language is mistaken or insufficient. Alexandria also does not provide more than conclusory arguments as to why the Arbitration Decision should be expressly modified in order to effect the Decision's intent or promote justice between the parties. Therefore, as the arbitrator has declined to define the terms of its Decision separately or attach the PIIA, the Court declines to do so here.

Lastly, Kelley objects to three specific provisions of Alexandria's proposed judgment. Alexandria's proposed order provides that Kelley:

> 1) Shall not use or disclose any of Alexandria's confidential or proprietary information;
> 2) Shall return to Alexandria all of Alexandria's property and confidential or proprietary information, in whatever form or medium, in her (or her attorneys') possession, custody or control;
> 3) Shall provide a truthful written certification as required by section 8 (Return of Company Property) of her PIIA; and

      4) Shall comply with the post-employment restrictive covenants contained in Sections 5 (Non-Solicitation) and 6 (Non-Interference) of the PIIA.

(Alexandria Prop. Judgment Order 2.)  Kelley objects that she has already complied with paragraphs two and three of the proposed judgment, and that any injunction based on paragraph four is moot due to the passage of time.[3]  However, these arguments are not a basis to grant or deny confirmation of the arbitration award, or to modify it, and instead go to the enforcement of the arbitration award.  Accordingly, this Court sees no reason to modify the award as written.  See <u>Kyocera Corp. v. Prudential-Bache T Servs.</u>, 341 F.3d 987, 997-998 (9th Cir. Cal. 2003)("[T]he Federal Arbitration Act . . . [grants] an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures.")

    For the reasons stated above, the Court confirms the Arbitration Decision, but declines to adopt the parties' proposed judgment orders.

**IV.  CONCLUSION**

    After review of the parties' briefs and the arbitration award submitted by the parties, it is ORDERED that the Statement of Decision and Final Award issued by Retired California Court of Appeal Justice Steven J. Stone, Arbitrator, dated December 18, 2008, is confirmed.

---

[3] The PIIA only prohibits solicitation for two years and was signed by Kelley approximately four years ago.  (Brennan Decl. Ex. B ¶ 5.)

1    It is further ordered that judgment in favor Alexandria Real
2 Estate Equities, Inc. and against Nancy J. Kelley on the claims
3 hereby enters, with costs to Alexandria in the amount of $13,250.
4 The Court further finds that Kelley has already paid these costs.
5 (Kelley Not. of Payment, June 4, 2009, Dkt. No. 28.)

7 IT IS SO ORDERED.

9 Dated: June 11, 2009

10                                       DEAN D. PREGERSON
11                                       United States District Judge